**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JUL 1 0 2013

Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|
| RONALD GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. ⎮3 - ⎮05⎯0 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOUSING & URBAN DEVELOPMENT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

Petitioner alleges that "administrative agents [of] the New York City Housing Authority wrongfully . . . refused to act and process [his] application," Pet. ¶ 4, for "the senior housing to which [he is] entitled as a senior citizen, *id.* ¶ 2. He demands a writ of mandamus compelling the respondents "to give [him] a senior apartment." *Id.* ¶ 5.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to

issuance of the writ is 'clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden.

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: 6/26/2013

_____
United States District Judge